# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FRANK W. WHITE,

      Appellant,

    v.

OFFICE OF PERSONNEL
  MANAGEMENT,

      Agency.

DOCKET NUMBER
CH-0831-14-0421-I-1

DATE: January 29, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Frank W. White</u>, Chicago, Illinois, pro se.

<u>Christopher H. Ziebarth</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which vacated a letter of the Office of Personnel Management (OPM) confirming its prior denial of the appellant's application for disability retirement benefits and remanded the appeal to OPM for issuance of a new decision regarding whether

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appellant is entitled to a $10,000 optional life insurance annuity. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we VACATE the initial decision, dismiss this appeal for lack of jurisdiction, and FORWARD the appellant's claim regarding his possible entitlement to an optional life insurance annuity to OPM.

## BACKGROUND

¶2 The appellant filed an appeal of a March 18, 2014 letter from OPM which informed him that he was not entitled to retirement benefits under the Civil Service Retirement System (CSRS) based on a prior Board decision. Initial Appeal File (IAF), Tab 1. In that decision, the Board denied the appellant's petition for review of an initial decision that affirmed OPM's denial of his application for disability retirement benefits because he failed to establish that he had the requisite 5 years of creditable civilian service. *White v. Office of Personnel Management*, MSPB Docket No. CH-0831-96-0942-I-1, Final Order at 1 (May 29, 1997); *see White v. Office of Personnel Management*, MSPB Docket No. CH-0831-96-0942-I-1, Initial Decision at 4 (Dec. 7, 1996).

¶3 The agency filed a motion to dismiss the appeal as res judicata, asserting that the appellant had previously litigated the denial of his retirement benefits. IAF, Tab 6 at 4. According to the administrative judge, during a telephonic status

conference, the appellant indicated that he was not appealing the denial of his disability retirement benefits but rather that his appeal related to his entitlement to a $10,000 optional insurance annuity. IAF, Tab 10 at 2. The administrative judge issued an order summarizing the status conference and afforded the appellant 5 days to object. *See id.* at 3. In response to the administrative judge's order, the appellant submitted two separate corrections to the order in which he appears to contest his involvement in the prior litigation of the denial of his application for disability retirement benefits. IAF, Tabs 13-14. In an initial decision, issued without holding the appellant's requested hearing, the administrative judge found that a prerequisite for Board jurisdiction over an individual's appeal of a retirement matter is an OPM reconsideration decision. IAF, Tab 15, Initial Decision (ID) at 3. The administrative judge further found that OPM had not previously issued a decision on the appellant's optional insurance annuity claim, and thus he vacated what he described as OPM's March 18, 2014 decision and remanded the matter to OPM for consideration of the appellant's claim that he is entitled to a $10,000 optional insurance annuity. ID at 4.

¶4     The appellant has filed a petition for review in which he asserts that the initial decision fails to note his correction to the status conference summary, that the administrative judge failed to order OPM to issue a decision within a certain time frame, and that OPM's representative has harassed him. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the appellant's petition. PFR File, Tab 4. The appellant has filed a reply.[2] PFR File, Tab 5.

---

[2] After the record closed on review, the appellant requested leave to file an additional pleading. PFR File, Tab 7; *see* 5 C.F.R. § 1201.114(k) (the record on review closes on expiration of the period for filing the reply to the response to the petition for review or on expiration of the period for filing a response to the cross petition for review, whichever is later). Once the record closes, no additional evidence or argument will be accepted unless it is new and material as defined in 5 C.F.R. § 1201.115(d) and the

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        An individual whose rights under CSRS are affected by an administrative action or order may appeal to the Board. 5 U.S.C. §§ 8347(d)(1). The Board generally has jurisdiction over the appeal, however, only after OPM has issued a final or reconsideration decision on the matter. *Tatum v. Office of Personnel Management*, 82 M.S.P.R. 96, ¶ 7 (1999); 5 C.F.R. §§ 831.110.

¶6        As noted, the appellant indicated that he is not appealing the denial of his disability retirement benefits; rather, his appeal concerns his entitlement to a $10,000 optional insurance annuity. IAF, Tab 6 at 8, Tab 10 at 2. OPM, however, has not issued a decision concerning the appellant's claim as to that matter. Further, it does not appear that OPM has refused to issue such a decision but rather construed his letter as a claim for disability retirement benefits. *See* IAF, Tab 6 at 7. In the absence of an OPM reconsideration decision, the Board lacks jurisdiction over the appellant's claim for an optional life insurance annuity.[3]

---

party submitting it shows that the evidence or argument was not readily available before the record closed. 5 C.F.R. § 1201.114(k).

In his motion, the appellant requests leave to submit additional evidence in support of his claim that OPM's representative has harassed him. PFR File, Tab 7 at 2. The appellant, however, has failed to show that the information is new evidence because he has failed to show it was unavailable before the record closed despite due diligence. *See Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989) (to constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed). Moreover, the appellant has failed to show that such information is material because he has not shown how this evidence provides a basis for reversing the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Accordingly, we deny the appellant's motion. In any event, there is nothing improper in an agency changing its representative before the Board; such a practice is not uncommon when a petition for review is filed. Furthermore, there is nothing improper in a representative not having or asserting firsthand knowledge of the facts in an appeal.

[3] As part of his remand decision, the administrative judge characterized OPM's March 18, 2014 letter as a reconsideration decision and vacated it. ID at 4; *see* IAF, Tab 1 at 11. We find, however, that the March 18, 2014 letter, which was not issued in response to a timely request for reconsideration and did not provide the appellant with

¶7        Accordingly, we dismiss this appeal for lack of jurisdiction.  We FORWARD the appellant's claim regarding his possible entitlement to an optional life insurance annuity to OPM.[4]  This is the final decision of the Merit Systems Protection Board.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

notice regarding his right to request an appeal before the Board under 5 C.F.R. § 831.110, did not constitute a reconsideration decision by OPM.  *See* 5 C.F.R. § 831.109.

[4] Although the exact nature of the appellant's claim is not clear, we note that the Board lacks jurisdiction to review a decision relating to an annuitant's insurance coverage.  *See* 5 U.S.C. § 8715 (providing that the United States Court of Federal Claims or the United States district courts, not the Board, have jurisdiction over life insurance benefits paid under the Federal Employees' Group Life Insurance); *see, e.g.*, *Richards v. Office of Personnel Management*, 97 M.S.P.R. 291, ¶ 6 (2004).  We make no finding at this time regarding Board jurisdiction over an appeal from an OPM decision on the appellant's optional life insurance annuity claim.  *See* 5 U.S.C. § 1204(h) (stating that the Board shall not issue advisory opinions).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.